NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

AUG 2 5 2006

CIVIL ACTION NO. 06-91-DLB

WALTER B. JACKSON                                                              PLAINTIFF

VS.              **MEMORANDUM OPINION AND ORDER**

EDWARD PRINDLE, ET AL.                                                      DEFENDANTS

## INTRODUCTION

Plaintiff Walter B. Jackson ("Jackson") is an inmate confined in the Boone County Jail in Burlington, Kentucky. Proceeding *pro se*, he filed a civil rights complaint under 42 U.S.C. §1983 [Record No. 1]. The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff has named three defendants in this action. The first is Edward Prindle, the Jailer in charge of the Boone County Jail, whom Jackson alleges has failed to arrange for adequate medical

1

care by not maintaining nurses on staff and by permitting deputies to dispense medications. The second is Dr. Keith Kessler, whom Jackson alleges dispenses medications without first performing blood tests or checking a patient's blood pressure. Jackson further alleges that Kessler misdiagnosed a stye or boil under his eyelid, causing him pain and discomfort. The third is Lt. Browning, apparently Dr. Kessler's assistant, whom Jackson alleges speaks harshly to patients at times and periodically "makes the Doctor not give some meds to the inmates." Finally, Jackson alleges generally that the stress of overcrowding causes him chest pains, complains of an insufficient number of clippers for hair, nails, and toenails, and is concerned about the inability to contact staff in the event of a heart attack.

In his complaint, Jackson requests $3.5 million in damages and injunctive relief requiring the jail to provide adequate medical staff. Jackson does not articulate the legal basis for his claim, but the Court construes his complaint as asserting that the defendants have violated his rights under the Eighth Amendment to the Constitution of the United States by exhibiting deliberate indifference to his serious medical needs.

## DISCUSSION

Prisoners have the constitutional right to adequate medical care while in custody. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Thus, when prison officials display "deliberate indifference to the serious medical needs of prisoners," they commit cruel and unusual punishment in violation of the Eighth Amendment. *Estelle,* 429 U.S. at 104. In reviewing the sufficiency of a complaint, the Supreme Court has held that "[i]n order to state a cognizable claim [under the Eighth Amendment with regard to medical care] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious

2

medical needs." *Estelle*, 429 U.S. at 106. Therefore, a prisoner must show both "deliberate indifference" and "serious medical needs." *Id.*

Jackson's allegations fail to satisfy either of these threshold requirements. Most of his allegations relate to the manner in which health care services are dispensed, divorced from any allegation of concrete harm that has occurred as a result. Jackson's disagreement with the way Dr. Kessler practices medicine amounts, at most, to a disagreement over his medical judgment, and states no constitutional claim. *Byrd v. Wilson*, 701 F.2d 592 (6th Cir. 1983); *Davis v. Powell*, 110 Fed.Appx. 660, 664 (6th Cir. 2004) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." (quoting *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004)). Even were that medical care so deficient as to constitute medical malpractice, in the absence of affirmative conduct amounting to *deliberate* indifference, there is no constitutional violation. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). In sum, the facts alleged by Jackson indicate that medical care is being provided, but that Jackson challenges its sufficiency. However, in the absence of an allegation, of concrete, verifiable, and serious harm, Jackson fails to state a constitutional claim. Because Jackson's claim, if any, sounds in state tort law rather than for a constitutional violation, his complaint will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) This action is **DISMISSED**, *sua sponte*, with prejudice.

3

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) This is a **FINAL** and **APPEALABLE** order.

This 25th day of August, 2006.



Signed By:
David L. Bunning
United States District Judge

4